

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-30-2008

# Liu v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Liu v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1671.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1671

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3964

EFENDI LIU,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent.

On Review of a Decision of the
Board of Immigration Appeals
(Agency No.  A79 735 053)
Immigration Judge:  Honorable Donald V. Ferlise

Submitted pursuant to Third Circuit LAR 34.1(a)
December 7, 2007

Before: McKEE, CHAGARES and HARDIMAN, Circuit Judges.

(Filed: January 30, 2008)

_____

OPINION OF THE COURT

_____

CHAGARES, Circuit Judge:

Efendi Liu petitions for review of an adverse Board of Immigration Appeals (BIA) decision. On August 1, 2006, the BIA denied Liu's requests for asylum, withholding of removal and relief under the Convention Against Torture (CAT). Because substantial evidence supports the BIA's decision, we will deny the petition for review.

I.

We have jurisdiction to review the BIA's final orders of removal. See 8 U.S.C. § 1252(a). This Court applies the "extremely deferential" substantial evidence standard to the BIA's findings of fact. Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004). Accordingly, we will reverse the BIA's determinations on issues like past persecution, the likelihood of future persecution, and the likelihood of torture only if "the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001).

II.

The Attorney General may grant asylum to aliens who are "refugees" within the meaning of 8 U.S.C. § 1101(a)(42). See 8 U.S.C. § 1158(b)(1). Generally, a refugee is someone who demonstrates an inability or unwillingness to return to their prior country of residence "because of persecution or a well-founded fear of persecution" on account of one of five protected grounds: race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42)(A). Past persecution requires proof of "(1) one or more incidents rising to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed either by the government or by

2

forces that the government is either unable or unwilling to control." <u>Mulanga v. Ashcroft</u>, 349 F.3d 123, 132 (3d Cir. 2003). Under our cases, "persecution is an extreme concept that does not include every sort of treatment our society regards as offensive." <u>Fatin v. INS</u>, 12 F.3d 1233, 1243 (3d Cir.1993). It encompasses only grave harms such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." <u>Id.</u> at 1240. A showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution. <u>See</u> 8 C.F.R. § 1208.13(b)(1)(i).

The Attorney General must grant withholding of removal if he "decides that the alien's life or freedom would be threatened" in the country of removal because of one of the five protected grounds. 8 U.S.C. § 1231(b)(3)(A). The alien bears the burden of proving that he will more likely than not face persecution on account of a protected ground. <u>See</u> <u>INS v. Stevic</u>, 467 U.S. 407, 429-30 (1984).

Finally, an applicant for relief under the CAT bears the burden of establishing "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2). The standard for relief "has no subjective component, but instead requires the alien to establish, by objective evidence that he is entitled to relief." <u>Sevoian v. Ashcroft</u>, 290 F.3d 166, 175 (3d Cir. 2002) (quotation marks omitted). We have held that "even cruel and inhuman behavior by government officials may not implicate the torture regulations," <u>Sevoian</u>, 290 F.3d at 175, because "[t]orture is an extreme form of cruel and inhuman treatment and does not include lesser forms of

3

cruel, inhuman or degrading treatment or punishment that do not amount to torture." 8

C.F.R. § 208.18(a)(2).

III.

Liu was born in 1982 and is a native and citizen of Indonesia. He is also a Catholic

of Chinese descent. Liu claims to have suffered persecution in Indonesia on account of his

religion and ethnicity. In particular, Liu makes three specific contentions, and alleges that

these compel a finding of past persecution.

First, Liu claims that as a child, he was often harassed by native Indonesians at

school, and was "beaten up" when he refused to give them money. Second, on May 13,

1998, during widespread unrest in Indonesia, Liu was riding home on his motorcycle when

rioters pulled him off, beat him, and burned the motorcycle. Finally, Liu asserts that

throughout his childhood, native Indonesians extorted his father, demanding "protection

money." Liu feared that the native Indonesians would destroy his father's grocery

distribution business as they had his neighbor's.[1]

We find that none of these incidents rise to the level of persecution necessary to

compel reversal of the BIA's decision to deny Liu asylum. Stolen school lunch money or

a burned motorcycle simply do not constitute the sort of grave harm needed to compel a

---

[1] We note that the IJ made an adverse credibility finding regarding inconsistencies between Liu's testimony before the IJ and the affidavit Liu supplied in support of his petition. These inconsistencies, decided the IJ, went to the heart of Liu's asylum claim and thus formed the basis of the adverse credibility finding. The BIA held that the IJ's adverse credibility finding was supported by the record. As discussed below, however, Liu's claims fail regardless of the credibility afforded his testimony.

finding of past persecution. See Fatin, 12 F.3d at 1240. Moreover, Liu has not offered any evidence that his father's business was actually destroyed – in fact, his parents and siblings continue to live in Indonesia.

Nor has Liu presented any evidence tending to show that his antagonists acted with an anti-Catholic or anti-Chinese animus. To the contrary, the attack in 1998, along with the various incidents of harassment and extortion, could reasonably be viewed as isolated incidents that do not rise to the extreme level of persecution. Victimization by local criminals, while unfortunate, does not compel a finding of religious or ethnic persecution. As a result, substantial evidence supports the BIA's determination that Liu failed to demonstrate past persecution.

We also conclude that substantial evidence supports the BIA's decision not to withhold Liu's removal. Both the infrequency of the incidents and the relative safety of his family still living in Indonesia support the finding that persecution is not a clear probability upon his return. Further, the State Department Reports in the record do not compel the conclusion that Liu will more likely than not suffer persecution or torture if removed, because, *inter alia*, they indicate a decrease in attacks against ethnic Chinese. See Lie v. Ashcroft, 396 F.3d 530, 536–38 (3d Cir. 2005) (substantial evidence supported findings that harms to an ethnic Chinese citizen of Indonesia were not so severe as to constitute persecution, and that pattern or practice of persecution did not exist).

Liu's brief does not provide any separate analysis of his CAT claim. Based on our review of the record, however, substantial evidence supports the BIA's determination that

5

Liu has not shown he is more likely than not to be tortured upon his return to Indonesia. See Lukwago v. Ashcroft, 329 F.3d 157, 182-83 (3d Cir. 2003). Liu, therefore, cannot obtain CAT relief.

Accordingly, we will deny Liu's petition for review.